United States District Court

Eastern District of California

Ronnie Brown,

       Plaintiff,                   No. Civ. S 02-1956 FCD PAN P

  vs.                            Order

R. E. Early, et al.,

       Defendants.

-oOo-

    Plaintiff is a prisoner without counsel prosecuting this civil rights action. Defendants move to dismiss upon the ground that while out of prison plaintiff failed to appear for a properly noticed deposition. Plaintiff opposes.

    February 8, 2005, defendants duly served upon plaintiff notice to appear for deposition at the Attorney General's office in Sacramento at 9:00 a.m., February 23, 2005. February 22, 2005, plaintiff filed a motion for a protective order stating:

    Plaintiff proceeding In Pro Se and without counsel

1   objects to defendant's request for deposition Feb 23,
2   2004 at Sacramento.  Plaintiff cannot participate in
    such order of request without assistance.  Plaintiff
3   does not drive and/or able to travel 425 [miles] sic by
    doctor's order's [sic] and inability to travel.
4   Defendant's [sic] hasn't [sic] complied with the order
    of this court dated February 8, 2005 but not stamped
5   filed.

6      February 22, 2005, plaintiff and counsel for defendants
7  spoke over the telephone and plaintiff informed counsel he
8  planned to appear for the deposition, was trying to obtain
9  permission from his parole officer to travel and asked the
10 deposition convene later than 9:00 a.m..  Counsel called
11 plaintiff's residence later that day and left a message stating
12 he could change the time for the deposition to 10:00 a.m. but no
13 later because counsel had other matters scheduled.  Counsel
14 requested plaintiff return the call but plaintiff did not.
15 Counsel spent three hours preparing for plaintiff's deposition.
16     Plaintiff did not appear for deposition.  Around 9:30 a.m.,
17 February 23, plaintiff was arrested for violation of his parole.
18 Counsel for defendants learned of plaintiff's arrest around 10:45
19 a.m.  The court reporter charged an appearance fee of $150.
20     A party may take another party's duly noticed deposition in
21 person as a matter of right. Fed. R Civ. P. 30.  If the party to
22 be examined fails to appear after being served with a proper
23 notice of deposition, the court may make such orders concerning
24 the failure as are just, including dismissal.  Fed. R. Civ. P.
25 37(b)(2)(C).
26     It may not be said that plaintiff's failure to appear for

2

1  his deposition was wilful and accordingly dismissal of his action
2  for his default is not warranted and defendants' March 10, 2005,
3  motion is denied.
4      Defendants may notice plaintiff's deposition again for a
5  reasonable time and place.  If plaintiff wilfully fails to appear
6  pursuant to due notice or serve and file a timely motion for a
7  protective order, the court will upon duly noticed motion impose
8  severe sanctions which, in light of the unavailability of other
9  sanctions, likely may be dismissal of plaintiff's claims.
10     So ordered.
11     Dated:  June 7, 2005.

                                     /s/ Peter A. Nowinski
                                     PETER A. NOWINSKI
                                     Magistrate Judge