United States District Court

Eastern District of California

Ronnie O'Neal Brown,

        Plaintiff,                    No. Civ. S 02-1956 FCD PAN P

   vs.                                 Findings and Recommendations

Richard E. Early, et al.,

        Defendants.

-oOo-

    Plaintiff filed this civil rights action in September 2002. The court determined that he stated a claim for relief against Dr. Rhoads and David G. Smith for denying adequate medical care.

    May 11, 2004, the court made an order authorizing defendant to examine plaintiff or any other prisoner at deposition. September 22, 2004, the court made a scheduling order including a deadline of January 14, 2005, for completing all discovery and resolving disputes about discovery.

    December 29, 2004, defendant duly noticed plaintiff's

1  deposition at the Attorney General's office in Sacramento.
2  January 14, 2005, defendant moved to dismiss the action for
3  plaintiff's failure to attend.  February 8, 2005, the court
4  denied the motion to dismiss and made an order authorizing
5  defendant again to notice plaintiff's deposition in Sacramento,
6  where plaintiff resides or at any other place the parties agreed.
7  The court warned that if plaintiff failed to move to change the
8  venue or failed to appear severe sanctions, probably dismissal of
9  his action, would result.
10      March 10, 2005, defendants again moved to dismiss.
11 Defendants alleged they had again duly noticed plaintiff's
12 deposition in Sacramento on February 23, 2005, and he again
13 failed to appear.  In a June 7, 2005, order the court again
14 refused to dismiss the action.  The court found that plaintiff
15 had been arrested for violation of his parole one-half hour
16 before he was to appear to testify, that his failure to appear
17 was not willful.  The court again authorized defendants to notice
18 plaintiff's deposition and warned of sanctions for failure to
19 appear.
20      June 15, 2005, defendants again noticed plaintiff's
21 deposition at a jail near San Bernardino where plaintiff was
22 confined.  Plaintiff then notified defendants in categorical
23 terms that he would not testify at deposition because the
24 discovery deadline had passed and defendants had failed to
25 provide reciprocal discovery.  In the interim, defendants also
26 had learned that plaintiff's opposition to defendants' March 10

2

motion was grossly misleading.  Plaintiff had been arrested on the morning of February 23 but notwithstanding the day before his parole officer had given plaintiff $200 to travel to Sacramento for the deposition, within 50 minutes of the time scheduled for him to appear in Sacramento, plaintiff was in Victorville, California, 375 miles from Sacramento, where he was arrested for forgery and writing bad checks.

Fed. R. Civ. P. 37(b)(2)(C) permits dismissal of an action if a party fails to obey an order to provide or permit discovery. Fed. R. Civ. P. 41(b) allows dismissal for failure of the plaintiff to prosecute or to comply with the federal rules or any order of court.  Dismissal, however, is a harsh penalty and should only be imposed in extreme circumstances.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

In determining whether to dismiss a case for failure to comply with a court order, or for failure to prosecute, district courts must weigh five factors:  (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (failure to prosecute).  The same five factors are considered whether a motion is brought under Rule 16(f), Rule 37(b), or Rule 41(b), or

whether a court is relying on its inherent powers. <u>See</u> <u>Adriana Intern. Corp. v. Thoeren</u>, 913 F.2d 1406, 1412, n.4 (9th Cir. 1990) (relying on the <u>Malone</u> factors and stating "that dismissal sanctions under Rule 37 and a court's inherent powers are similar.  We, therefore, use cases involving dismissal under Rule 37 and inherent powers interchangeably."); <u>U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.</u>, 857 F.2d 600, 603 (9th Cir. 1988) (using the <u>Malone</u> factors to decide a Rule 37(b) motion; <u>Malone</u>, 833 F.2d at 130 ("The standards governing dismissal for failure to obey a court order are basically the same under either of these rules [16(f) and 41(b)]").  The Ninth Circuit has suggested that dismissal is proper when at least four factors support dismissal or where at least three factors "strongly" support dismissal.  <u>See</u> <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998).

   The first two factors weigh in favor of dismissal because plaintiff's failure to testify at deposition in violation of the court's several orders has both impeded resolution of this case and prevented the court from adhering to its trial schedule.  <u>See</u> <u>Malone</u>, 833 F.2d at 131.  Plaintiff's lack of cooperation has made timely resolution of his complaint and adherence to a reasonable trial schedule impossible.

   Dismissal is also warranted under the third factor because plaintiff's intransigence has presumptively prejudiced defendants.  <u>See</u> <u>Henderson</u>, 779 F.2d at 1423.  A dismissal for lack of prosecution must be supported by a showing of

4

unreasonable delay but unreasonable delay creates a presumption of injury to the defense. Id. Plaintiff's unresponsiveness has caused unreasonable delay, prejudicing defendants. See id.

Courts often decide that dismissal is improper under the fourth factor because strong public policy concerns usually favor resolution of claims on their merits. Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996). In this case, however, plaintiff's refusal to testify, his deception and his willful violation of the court's orders frustrate public policy concerns and make continuing the matter impracticable by completely interfering with the rightful disposition of the case. Valley Engineers, Inc., v. Electrical Engineering, 158 F.3d 1051, 1056-57 (9th Cir. 1998).

Finally, dismissal is appropriate under the fifth factor because the court has already considered, and employed, less drastic alternatives. See Malone, 833 F.2d at 132. The following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: "(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" Id. Malone specifically identifies a warning, a fine or the imposition of costs or attorney fees as appropriate alternative

1 sanctions.  Id., n.1.

2 　　　This court has repeatedly warned plaintiff that he risked
3 dismissal by failing to comply with the court's orders.  Warning
4 a plaintiff that failure to obey a court order will result in
5 dismissal satisfies the requirement the court consider
6 alternatives.  See Buss v. Western Airlines, Inc., 738 F.2d
7 1053, 1054 (9th Cir. 1984), cert. denied, 469 U.S. 1192 (1985);
8 Titus v. Mercedes Benz of North America, 695 F.2d 746, 749 n.6
9 (3d Cir. 1982).  Here, imposing lesser sanctions of fines or
10 attorney fees would be wholly inadequate because plaintiff
11 proceeds in forma pauperis and would likely be unable to pay any
12 monetary sanctions the court might impose.  Dismissal at this
13 stage is not premature because plaintiff can hardly be surprised
14 by a harsh sanction in response to his deception and willful
15 violation of the court's several orders.  Given plaintiff's
16 unwillingness to prosecute, delaying dismissal would mean the
17 case would sit, inactive, indefinitely.  Thus, dismissal is
18 justified because less drastic sanctions have proved ineffective
19 and are not feasible.  See id.

20 　　　Each of the five relevant factors weigh in favor of
21 dismissal.  See Hernandez, 138 F.3d at 399.  Accordingly, I
22 recommend that plaintiff's action be dismissed.

23 　　　Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
24 findings and recommendations are submitted to the United States
25 District Judge assigned to this case.  Written objections may be
26 filed within 20 days of service of these findings and

1  recommendations.  The document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendations."  The district
3  judge may accept, reject, or modify these findings and
4  recommendations in whole or in part.
5      Dated:  August 2, 2005.

                               /s/ Peter A. Nowinski
                               PETER A. NOWINSKI
                               Magistrate Judge